## M. Fernsler et al., Plffs. in Err., *v.* Edward K. Seibert et al.

A decree or judgment does not operate as *res judicata* upon the question of effect of matters which occurred after it was rendered.

(Decided October 5, 1885.)

Error to the Common Pleas of Lancaster County, to review a judgment rendered upon a verdict directed by the court in favor of plaintiff in ejectment.  Reversed.

The action was brought by Seibert and eleven others, trustees, elders, and deacons of the Evangelical Lutheran congregation of Brickerville, originally against Rev. M. Fernsler, Jonas Herr, and Hannah Buchter, but before the trial other persons were allowed to intervene as codefendants.  The nature of the

NOTE.—See note to Howe v. First Nat. Bank,1 Sad. Rep. 57, 1 Cent. Rep. 367.   An appeal was taken from the judgment entered on the second trial of this case.  See Fernstler v. Seibert, 114 Pa. 196, 6 Atl. 165.

case was that a doctrinal division of opinion among the members of the church and congregation having resulted in the existence of two parties, and the election of two pastors and two sets of church officers, the pastor supported by the defendants' party was in the enjoyment of the parsonage; while the plaintiffs' party claimed that the pastor supported by them was rightfully entitled to it, and that they were lawfully entitled to control the church property.

On the trial it appeared that a bill in equity had formerly been filed to bring the controversy to an end, and that the suit had resulted in favor of the party of the present plaintiffs, and in a decree dismissing the bill, dated April 13, 1878. This decree was put in evidence, on the trial of the ejectment suit, on behalf of plaintiff. The defendants subsequently made an offer, which is stated in detail in the opinion, to prove that on September 29, 1878, Rev. Mr. Fernsler, one of the original defendants and the pastor and occupant of the parsonage supported by the defendants' party, was elected pastor by the congregation at large. The court below held the decree in equity conclusive of the general right of the plaintiffs, and on that ground excluded the offer and directed a verdict for plaintiffs.

*J. L. Steinmetz* and *S. H. Reynolds* for plaintiffs in error.—The law relative to judgments being given in evidence in civil suits, Chief Justice Gibson said in Hibshman v. Dulleban, 4 Watts, 191, "has been compressed into the dimensions of a nutshell," and "could not otherwise be so well expressed" as laid down by Lord Chief Justice De Gray, in the Duchess of Kingston's Case, 11 Harg. St. Tr. 261: "First, that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar; or, as evidence, conclusive between the same parties, upon the same matter, directly in question in another court; secondly, that the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter, between the same parties, coming incidentally in question in another court, for a different purpose. But neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction; nor of any matter incidentally cognizable; nor of any matter to be inferred by argument from the judgment."

*D. C. Eshleman* and *S. P. Eaby,* for defendants in error.—
The parties to the bill and the action are the same, the members
of the two competing councils; the changes in individual names
are such as were caused by lapse of time and by election of suc-
cessors to members who retired. The subject-matter is the same,
—the possession and control of the church property and parson-
age. The question is the same.

A question once litigated and determined between the parties
in a court of competent jurisdiction is to be considered at rest.
Foote v. Gibbs, 1 Gray, 412; Lewis v. Lewis, 106 Mass. 309;
Duchess of Kingston's Case, 2 Smith Lead. Cas. 7th Am. ed.
761; Pelton v. Mott, 11 Vt. 148, 34 Am. Dec. 678; 1 Wharton,
Ev. § 784.

The dismissal of a bill in equity stands nearly on the same
footing with a judgment for defendant, in an action at law, and
will be presumed to be a final and conclusive adjudication on
the merits. Duchess of Kingston's Case, 2 Smith Lead. Cas.
7th Am. ed. 763; 1 Wharton, Ev. § 775; Kelsey v. Murphy, 26
Pa. 78; Williams v. Row, 62 Pa. 118; Westcott v. Edmunds,
68 Pa. 34.

Nor is the force of the rule broken by the fact that there is
a nominal, if there be no substantial, difference between the
parties. 1 Wharton, Ev. § 780; Calhoun v. Dunning, 4 Dall.
120, 1 L. ed. 767; Follansbee v. Walker, 74 Pa. 306; Thomp-
son v. Roberts, 24 How. 233, 16 L. ed. 648; Peterson v. Loth-
rop, 34 Pa. 223.

MR. JUSTICE GREEN delivered the opinion of the court:

We think that in any view of this unfortunate controversy
we must sustain the 7th, 8th, 9th, and 10th assignments of error.
Substantially they constitute an offer to prove that the Rev.
Fernsler was duly elected pastor by the congregation on Sep-
tember 29, 1878, by a majority of the persons then composing
the congregation; that, in pursuance of his election he moved
into and occupied the parsonage and continuously performed
his duties as pastor, up to the time of the trial of this case; and
that after his election he entered into an agreement with the
twelve members of the council representing the congregation,
under which agreement he moved into and occupied the parson-
age and continued to be their minister. It is not possible that
any of these facts could have been at issue in the bill in equity

previously filed by some of the parties representing one side of the controversy, against some of those representing the other side, because that proceeding commenced in January, 1876, and closed with a master's report filed December 10, 1876, and an order of dismissal on April 13, 1878, which was several months before the pastoral election offered to be proved was held. If the facts proposed to be given in evidence are true, and for the purposes of the present discussion we are bound to assume their truth, it is impossible now to understand why they should not control the case. There is no question of doctrine between these parties. The congregation had an undoubted right to elect the defendant, Fernsler, to be their pastor if they chose to do so; and if they did, and put him in possession of the premises to recover which this action is brought, he certainly had a right to remain there until such right was in some way forfeited. We cannot understand why the evidence offered under these assignments was rejected. The only reason stated by the learned court below was the conclusiveness of the decree in the equity case, but we cannot regard that as a tenable reason. Even had the parties and the proceeding been the same, which is extremely doubtful, we cannot understand why the congregation might not subsequently change its mind and elect the defendant as its pastor. Indeed, this is the very reason now assigned for not prosecuting the appeal from the decree in the equity case, and it seems to be a sufficient one. We cannot consider the merits of the lamentable, and, as it seems to us, unnecessary controversy between these parties, because they are not before us.

We do not sustain the other assignments because, although we have great doubt whether ejectment is the proper remedy in such a case, we cannot say that there may not be some possible phase of the testimony in which it can be sustained; and while the equity proceeding was certainly not conclusive against the rejected offers of testimony, it may possibly have some bearing upon the rights of the parties. We expressly abstain from deciding either of these questions at this time. We scarcely see the materiality of the evidence offered under the 5th and 6th assignments and therefore do not sustain them. The 11th is sustained because the court there also held the decree in the equity case conclusive.

Judgment reversed and *venire de novo* awarded.